Stephen J. Duron, Esq. (SBN 263485)
**DURON EMPLOYMENT LAW FIRM**
**A PROFESSIONAL LAW CORPORATION**
1626 Montana Ave., Suite 637
Santa Monica, California 90403
Telephone: (424) 260-7250
stephen@duronemplaw.com

Attorney for Plaintiff,
TIMOTHY B. JOHNSON

## UNITED STATES DISCTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA – OAKLAND DIVISION

| | |
|---|---|
| TIMOTHY B. JOHNSON, an individual,<br><br>Plaintiff,<br><br>v.<br><br>STEVE DICKSON, ADMINISTRATOR OF THE FEDERAL AVIATION ADMINISTRATION, U.S. DEPARTMENT OF TRANSPORTATION; and DOES 1 through 20, inclusive,<br><br>Defendants. | Case No.<br><br>**COMPLAINT FOR DAMAGES FOR VIOLATIONS OF:**<br><br>**1. THE REHABILITATION ACT OF 1973;**<br><br>**2. TITLE VII OF THE 1964 CIVIL RIGHTS ACT;**<br><br>**3. CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT;**<br><br>**5. CALIFORNIA STATE TORT LAW;**<br><br>**6. CALIFORNIA LABOR CODE**<br><br>**[DEMAND FOR JURY TRIAL]** |

**PLAINTIFF, TIMOTHY B. JOHNSON,** ███████████, Vacaville, California 95687, alleges the following:

## NATURE OF THE ACTION

1.     This is an action for relief from employment discrimination, harassment and reprisal in violation of the Rehabilitation Action of 1973, as amended ("Rehab Act"), Title VII of the 1964 Civil

Rights Act ("Title VII"), the California Fair Employment and Housing Act ("FEHA"), California State Tort Law and the California Labor Code.

2.    Plaintiff Timothy B. Johnson ("Plaintiff") alleges that Defendant Steve Dickson, Administrator for Federal Aviation Administration, U.S. Department of Labor ("FAA" or "Defendant") and Does 1 through 20, all of whose true names are unknown (collectively, "Defendants"), unlawfully discriminated against Plaintiff on the basis of his physical disability (Type-2 Diabetes Mellitus) and race (African-American), failed to seek reasonable accommodation and engage in an interactive process to find reasonable accommodation, and subjected him to reprisal for prior Equal Employment Opportunity ("EEO") activity.  Defendants' discrimination and reprisal for engaging in EEO activity led to harassment and created a hostile work environment for Plaintiff.

3.    Plaintiff further alleges that Defendants' policies, practices, and decisions had a disparate impact upon Plaintiff based upon his disability.

4.    Plaintiff seeks injunctive and declaratory relief, compensatory damages, liquidated damages and reasonable attorneys' fees and costs as remedies for Defendants' violations of Plaintiff's rights.

## I.    THE PARTIES

5.    Plaintiff, Timothy B. Johnson, is an African-American male with Type-2 Diabetes Mellitus which is a physical disability pursuant to Federal regulations.  Plaintiff worked as an Air Traffic Manager ("ATM") at the Livermore Air Traffic Control Tower at all times relevant to this lawsuit.

6.    Plaintiff is informed and believes, and based thereupon alleges, that at all times relevant hereto, Defendant Steve Dickson serves as Administrator of the Federal Aviation Administration ("FAA" or "Defendant") which is an agency of the United States Department of Transportation. The FAA maintains operations at Livermore Air Traffic Control Tower located at the Livermore Municipal Airport, 590 Airway Boulevard, Livermore, in Alameda County California, and all of the events alleged herein occurred while Plaintiff was employed by Defendant at that location.

7.      Plaintiff is informed and believes, and based thereupon alleges, that at all times relevant hereto, Defendant has at least fifteen employees, and was therefore an "employer" within the meaning of the Rehab. Act, Title VII, the FEHA and California Labor Code.

8.      Plaintiff is informed and believes, and based thereupon alleges, that FAA and Doe Defendants are liable for the acts of their agents and employees as set forth below.

9.      Plaintiff is informed and believes, and based thereupon alleges, that at all times relevant herein, each of the Defendant Does 1 through 20 were responsible in some manner for the occurrences and injuries alleged in this complaint.  Their names and capacities are currently unknown to Plaintiff. Plaintiff will amend this Complaint to show such true names and capacities when the same have been ascertained.

## II.      **JURISDICTION AND VENUE**

10.     This Court has jurisdiction of Plaintiff's federal law claims pursuant to 28 U.S.C. § 1331, as this case involves questions of federal law.

11.     This Court has supplemental jurisdiction over the related state law claims pursuant to 28 U.S.C. § 1367(a) because those claims form part of the same case or controversy under Article III of the United States Constitution.  Plaintiff's state law claims share all common operative facts with their federal law claims, and the parties are identical.  Resolving Plaintiff's federal and state claims in a single action serves the interests of judicial economy, convenience, consistency, and fairness to the parties.

12.     Venue is proper in, and Defendant is subject to the personal jurisdiction of this Court because Defendant maintains facility and business operations in this District, and all or most of the events giving rise to this action occurred in this District.  28 U.S.C. § 1391(b); 42 U.S.C. § 1981.

13.     _Divisional Assignment_:  Pursuant to Local Rule 3-2(d) of this District, assignment to the Oakland Division of this Court is proper because all or most of the events giving rise to the Plaintiff's claims occurred in Alameda County.

///

///

COMPLAINT FOR DAMAGES

III.     **EXHAUSTION OF ADMINISTRATIVE REMEDIES**

14.     Plaintiff timely filed charges of discrimination with the United States Equal Employment Opportunity Commission ("EEOC") and the California Department of Fair Employment and Housing ("DFEH").

15.     Plaintiff has timely filed this action and has complied with all administrative prerequisites to bring this lawsuit.

IV.     **FACTUAL ALLEGATIONS**

16.     Plaintiff was an Air Traffic Manager ("ATM") at the Livermore Air Traffic Control Tower at all times relevant to this Complaint.  Having served as an ATM for several years, Plaintiff was qualified to perform the essential functions of the job, with or without reasonable accommodations as the following factual allegations illustrate.

17.     Plaintiff has Type-2 Diabetes Mellitus which is a disability pursuant to Federal regulations.

18.      On March 11, 2020, COVID-19 was declared a pandemic and national and state public health authorities issued nationwide precautions which included avoiding the gatherings of people in close quarters, i.e., the workplace among other locations.  Employees were instructed to work remotely where possible.

19.     On March 29, 2020, Plaintiff began working under the FAA-approved emergency telework agreement because diabetics such as Plaintiff face a higher risk of experiencing serious complications if infected by COVID-19 than individuals who do not have diabetes.

20.     On June 9, 2020, emergency telework duties were discontinued for ATMs at the FAA Oakland District, and this required Plaintiff to return to work despite his disability and the ongoing COVID-19 pandemic.

21.     On June 10, 2020, Plaintiff submitted a written request to remain teleworking full-time as an accommodation for his disability.

22.     Defendant, via its representatives, Tanya J. Patterson, Tony DiBernardo and Melissa Holmes (collectively referred to as "Defendant's Representatives"), failed to follow the reasonable accommodation procedures set forth by Defendant's policies and failed to provide reasonable

accommodation or engage in a good faith interactive process to see if reasonable accommodations could be attained.

23.     Instead, Defendant's Representatives offered only token alternative accommodations that would force Plaintiff to either return to the Livermore Tower four out of five days per week or work an alternative hour schedule that still required Plaintiff to work at the Livermore Tower five days per week where Plaintiff would be in serious risk of contracting COVID-19.  Because these alternative suggestions were made before COVID-19 vaccinations were released for public consumption, and in light of Plaintiff's disability, the aforementioned token accommodations were unreasonable because they still placed Plaintiff in serious risk of contracting COVID-19 and developing severe complications.

24.     Because of Plaintiff's disability and as a result, the heightened risk that Plaintiff had for developing severe complications if he contracted COVID-19, Plaintiff was singled out based upon his physical disability as compared to Defendant's employees who do not have a disability.

25.     Having denied Plaintiff's disability accommodation requests, Plaintiff was forced to return to the Livermore Tower to resume in-person work and risk serious illness.  Plaintiff was then left with no choice but to seek early retirement, thereby serving as a constructive termination of his employment based upon his disability.

26.     Prior to being forced into early retirement, which became effective on June 30, 2021, Plaintiff was forced to use all of his accrued sick and holiday pay until it was completely exhausted.  On April 26, 2021, Plaintiff remained on sick leave but was forced to take it without pay until his retirement took effect.

27.     Melissa Holmes, who was Plaintiff's supervisor and a representative of Defendant, claimed that Plaintiff's position was an ATM required that he be present at the Livermore Tower to observe and evaluate how the controllers were managing air traffic, to observe and evaluate the guidance and instructions of front-line managers and investigate are traffic events or incidents that occur, in-real time; to listen to air traffic audio recordings and talk to airplanes and manage air traffic so as to "keep airplanes from crashing into one another."  These reasons were mere pretext to cover up the discriminatory actions Defendant took against Plaintiff.

28.     ATMs had been teleworking since March 2020 when the COVID-19 pandemic shutdown began.  From March 2020 through June 2020, ATMs worked remotely, and planes flew during this time period without crashing into each other as Ms. Holmes had warned.

29.      ATMs did not have to be present and on location to review performance of frontline workers as Ms. Holmes stated because, by definition, a review of performance took place after the fact, to give guidance for future performance.  These duties were done remotely and successfully from March 2020 through June 2020.

30.     Investigation of air traffic events or incidents as well as reviewing voice recordings were also not done in real-time because they were investigations into acts that had already occurred, by definition.  These tasks were performed successfully by ATMs working remotely from March 2020 through June 2020.

31.     Creating reports based on investigations required compiling date and reviewing that data – so it too was done after the fact.  These tasks were also performed successfully by ATMs working remotely from March 2020 through June 2020.

32.     ATMs also did not need to be present in the air traffic tower to see airplanes or to "talk" with the planes as asserted by Ms. Holmes because communicating and managing air traffic is based upon satellite and radio communications, not on visual contact.

33.     Plaintiff requested that he be allowed to continue teleworking as an accommodation for his disability and the susceptible nature his disability posed for contracting COVID-19 during the pandemic.  His requests were denied, including his request to obtain Weather and Safety Leave, which had been made available to other employees in "mission critical" positions, but it too was denied to Plaintiff.

34.     Plaintiff did not intend to retire on June 30, 2021, but was forced to do so because he was forced to choose between work and life and consequently was harmed thereby.

35.     Defendant discriminated against Plaintiff for exercising Plaintiff's right to request full-time remote work and/or Weather and Safety Leave as an accommodation of Plaintiff's disability and/or medical condition.

36.     At all relevant times, Defendant failed to properly engage in a good faith interactive process in an effort to properly accommodate Plaintiff's disability and/or medical condition such that Plaintiff could continue working for Defendant.

37.     At all relevant times, Defendant failed to reasonably accommodate Plaintiff even though Plaintiff was able to perform the essential job duties of Plaintiff's position or another position with or without accommodations.

38.     Plaintiff's constructive termination was substantially motivated by Plaintiff's disability or perceived disability, medical condition or perceived medical condition, request for accommodation, and/or engagement in protected activities, without any real discussion of disability accommodations or good faith attempt to engage in the interactive process with Plaintiff.   Defendant's discriminatory animus is evidenced by the previously mentioned facts.

39.     Defendant's conduct described herein was undertaken, authorized, and/or ratified by Defendant's officers, directors and/or managing agents, including, but not limited to Tanya J. Patterson, Tony DiBernardo and Melissa Holmes and those identified herein as DOES 1 through 20, who were authorized and empowered to make decisions that reflect and/or create policy for Defendant. The aforementioned conduct of said managing agents and individuals were therefore undertaken on behalf of Defendant who further had advanced knowledge of the actions and conduct of said individuals whose actions and conduct were ratified, authorized, and approved by managing agents whose precise identities are unknown to Plaintiff at this time and are therefore identified and designated herein as DOES 1 through 20, inclusive.

40.     As a result of Defendant's actions, Plaintiff has suffered and will continue to suffer general and special damages, including severe and profound pain and emotional distress, anxiety, depression, headaches, tension, and other physical ailments, and past and future lost wages and benefits.

41.     As a result of the above, Plaintiff is entitled to past and future lost wages, bonuses, commissions, benefits and loss or diminution of earning capacity.

42.     Plaintiff claims general damages for emotional and mental distress and aggravation in a sum in excess of the jurisdictional minimum of this Court.

///

## V.      CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF

### [DISABILITY DISCRIMINATION IN VIOLATION OF THE REHABILITATION ACT OF 1973, as amended, 42 U.S.C. § 2000e-16]

### AGAINST ALL DEFENDANTS

43.     Plaintiff re-alleges and incorporates by reference Paragraphs 1 though 42, inclusive, as though set forth in full herein.

44.     The Rehabilitation Act of 1973, sections 501 and 504, as amended, makes it unlawful for a federal employer to discriminate against an employee on the basis of disability. A person is also protected from disability discrimination if they have a record of having such a condition or if they are viewed as having that condition by others. 29 U.S.C. §§ 791 et seq.

45.     "The standards to determine whether this section has been violated in a complaint alleging employment discrimination under this section shall be the standards applied under title I of the Americans with Disabilities Act of 1990 (42 U.S.C. 12111 et seq.) and the provisions of sections 501 through 504, and 510, of the Americans with Disabilities Act of 1990 (42 U.S.C. 12201-12204 and 12210), as such sections related to employment." 29 U.S.C. § 794(d).

46.     The term "disability" means, with respect to an individual, a physical or mental impairment that substantially limits one or more major life activities of such individual.  Major life activities include but are not limited to…working. 42 U.S.C §§ 12102 (1)A and 12102 (2)(A).

47.     Section 794a provides that the remedies, procedures, and rights set forth in section 717 of the Civil Rights Act of 1964 (42 U.S.C. 2000e-16), including the application of sections 706(f) through 706(k) (42 U.S.C. 2000e-5(f) through k) shall be available, with respect to any complaint under section 791 of this title, to any employee or applicant for employment aggrieved by the final disposition of such complaint, or by the failure to take final action on such complaint.  In fashioning an equitable or affirmative action remedy under such section, a court may consider the reasonableness of the cost of any necessary workplace accommodation, and the availability of alternative therefor or other appropriate relief in order to achieve an equitable and appropriate remedy.

48.     Section 794a further provides that the remedies, procedures, and rights set forth in title VI of the Civil Rights Act of 1964 (42 U.S.C. 2000d et seq.) shall be available to any person aggrieved by any act or failure to act by any recipient of Federal assistance or Federal provider of such assistant under section 794 of this title.

49.     Plaintiff was a member of a protected class as a result of Plaintiff's disability or the perception that Plaintiff was suffering from a disability.

50.     At all times relevant hereto, Plaintiff was performing competently in the position Plaintiff held with Defendant.

51.     Plaintiff suffered the adverse employment actions of unlawful harassment, discrimination, failure to accommodate, failure to investigate, remedy, and/or prevent discrimination, failure to reinstate and/or return to work, and constructive termination, and was harmed thereby.

52.     Plaintiff is informed and believes that Plaintiff's disability, real and perceived, were motivating reasons and/or factors in the decisions to subject Plaintiff to the aforementioned adverse employment actions.

53.     Said conduct violates the sections 501 and 504 of the Rehabilitation Act of 1973 as amended, (42 U.S.C. § 2000e-16), and such violations were a proximate cause in Plaintiff's damage as stated below.

54.     As a direct, legal and proximate result of this discrimination, Plaintiff has sustained economic and emotional injuries, resulting in damages in excess of $212,508.00.

55.     Pursuant to section 794a(b), Plaintiff requests a reasonable award of attorneys' fees and costs, including expert fees.

## SECOND CLAIM FOR RELIEF

## [RETALIATORY HOSTILE WORK ENVIRONMENT IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, as amended, 42 U.S.C. 2000e et esq.]

## AGAINST ALL DEFENDANTS

56.     Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 42, inclusive, as though set forth in full herein.

57.     Section 704(a) of Title VII of the Civil Rights Act of 1964, as amended, prohibits employers from retaliating against an employee because he has opposed any unlawful employment practice or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under Title VII.  42 U.S.C. § 2000e-3(a).

58.     Plaintiff engaged in protected activity by making numerous complaints to Defendants' agents and employees about Defendants' employment practices that required Plaintiff, as a condition of his employment, to be present at his workplace despite federal mandates declaring COVID-19 as a pandemic wherein national and state public health authorities issued nationwide precautions which included avoiding the gatherings of people in close quarters, i.e., the workplace among other locations. Plaintiff had informed Defendant that Plaintiff has Type-2 Diabetes Mellitus which is a disability pursuant to Federal regulations.  He also informed Defendant that diabetics such as Plaintiff faced a higher risk of experiencing serious complications if infected by COVID-19 than individuals who do not have diabetes.  Nonetheless on June 9, 2020, Defendant required Plaintiff to return to work despite his disability and the ongoing COVID-19 pandemic.

59.     Plaintiff reasonably believed that Defendant's requirement that Plaintiff return to the workplace was in violation of his protected status as a person with a disability and was unlawful.

60.     As a result of Plaintiff's complaints, Defendant's agents and/or employees took materially adverse actions against Plaintiff, including constructively terminating his employment and forcing him into taking early retirement.

61.     Defendant's agents and/or employees retaliatory actions permeated the workplace with discriminatory intimidation, ridicule, and insult that was sufficiently severe and pervasive to alter the conditions of Plaintiff's employment, creating an abusive working environment and would deter a reasonable employee from engaging in protected activity under Title VII.

62.     As a direct, legal and proximate result of this discrimination, Plaintiff has sustained economic and emotional injuries, resulting in damages in excess of $212,508.00.

63.     Pursuant to section 794a(b), Plaintiff requests a reasonable award of attorneys' fees and costs, including expert fees.

///

**THIRD CLAIM FOR RELIEF**

**[CONSTRUCTIVE DISCHARGE IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS**

**ACT OF 1964, as amended, 42 U.S.C. § 2000e-2(a)]**

**AGAINST ALL DEFENDANTS**

64.    Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 42, inclusive, as though set forth in full herein.

65.    Defendant, and his agents and employees, created discriminatory and intolerable working conditions for Plaintiff based upon his disability.

66.    A reasonable person in Plaintiff's position would have felt compelled to resign under these conditions.

67.    Plaintiff did in fact resign from his position because of these conditions.

68.    Defendant's unlawful actions were intentional, willful, malicious, and/or done with reckless disregard to Plaintiff's right to be free from discrimination based upon his disability.

69.    As a direct, legal and proximate result of this discrimination, Plaintiff has sustained economic and emotional injuries, resulting in damages in excess of $212,508.00.

70.    Pursuant to section 794a(b), Plaintiff requests a reasonable award of attorneys' fees and costs, including expert fees.


**FOURTH CLAIM FOR RELIEF**

**[HOSTILE WORK ENVIORNMENT BASED ON RACE**

**IN VIOLATION OF 42 U.S.C. § 1981]**

**AGAINST ALL DEFENDANTS**

71.    Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 42, inclusive, as though set forth in full herein.

72.    42 U.S.C. § 1981(a) provides that "[a]ll persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of

persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other."

73.     "'Make and enforce contracts' includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship." 42 U.S.C. § 1981(b).

74.     Plaintiff is a "person within the jurisdiction of the United States" and is African American.

75.     As of January 1, 2021, there were 17 ATMs working in the Oakland District. The race classifications of the ATMs were 65% White and 23% African American.

76.     Plaintiff, as a form of accommodation, requested that he obtain Weather and Safety Leave, which had been made available to other employees in "mission critical" positions.  However, it was denied to Plaintiff.

77.     Plaintiff's multiple complaints and requests to Defendant's supervisory employees did not cause Defendant to provide the accommodation it had allowed other employees in "mission critical" positions.  Plaintiff reasonably believed that if Defendant's supervisory employees were not discriminating against him on the basis of his disability, then they were doing so on the basis of his race.

78.     The hardline that Defendant took against Plaintiff created a hostile work environment for Plaintiff because of his race.  A reasonable person in Plaintiff's position would have felt the same.

79.     Defendant's supervisory employees knew or should have known of the consequences in taking its hardline position against Plaintiff and their conduct in relation thereto.

80.     Defendant did not exercise reasonable care to prevent the creation of a hostile work environment charged with race discrimination and/or disability discrimination and did not exercise reasonable care to alter its hardline position, even after Plaintiff's repeated opposition and rationale against it.

81.     Defendant's unlawful actions were intentional, willful, malicious, and/or done with reckless disregard to Plaintiff's right to be free from discrimination based on race.

COMPLAINT FOR DAMAGES

82.     As a direct, legal and proximate result of this discrimination, Plaintiff has sustained economic and emotional injuries, resulting in damages in excess of $212,508.00.

83.     Pursuant to section 794a(b), Plaintiff requests a reasonable award of attorneys' fees and costs, including expert fees.

## FIFTH CLAIM FOR RELIEF
## [RACE DISCRIMINATION (DISPARATE TREATMENT)
## IN VIOLATION OF 42 U.S.C. § 1981]
## AGAINST ALL DEFENDANTS

84.     Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 83, inclusive, as though set forth in full herein.

85.     Defendant discriminated against Plaintiff by forcing his resignation on the basis of his race, African American.

86.     Plaintiff's race was the determining factor and/or motivating factor in Defendant's adverse employment action.

87.     Defendant's unlawful actions were intentional, willful, malicious, and/or done with reckless disregard to Plaintiff's right to be free from discrimination based on race.

88.     As a direct, legal and proximate result of this discrimination, Plaintiff has sustained economic and emotional injuries, resulting in damages in excess of $212,508.00.

89.     Pursuant to section 794a(b), Plaintiff requests a reasonable award of attorneys' fees and costs, including expert fees.

## SIXTH CLAIM FOR RELIEF
## [RETALIATION IN VIOLATION OF 42 U.S.C. § 1981]
## AGAINST ALL DEFENDANTS

90.     Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 89, inclusive, as though set forth in full herein.

91.     Plaintiff engaged in protected activity by making numerous complaints to Defendants' agents and employees about Defendants' employment practices that required Plaintiff, as a condition of his employment, to be present at his workplace despite federal mandates declaring COVID-19 as a pandemic wherein national and state public health authorities issued nationwide precautions which included avoiding the gatherings of people in close quarters, i.e., the workplace among other locations. Plaintiff had informed Defendant that Plaintiff has Type-2 Diabetes Mellitus which is a disability pursuant to Federal regulations.  He also informed Defendant that diabetics such as Plaintiff faced a higher risk of experiencing serious complications if infected by COVID-19 than individuals who do not have diabetes.  Nonetheless on June 9, 2020, Defendant required Plaintiff to return to work despite his disability and the ongoing COVID-19 pandemic.

92.     Plaintiff reasonably believed that Defendant's requirement that Plaintiff return to the workplace was in violation of his protected status as a person with a disability and was unlawful.

93.     As a result of Plaintiff's complaints, Defendant's agents and/or employees took materially adverse actions against Plaintiff, including constructively terminating his employment and forcing him into taking early retirement.

94.     Defendant's agents and/or employee's retaliatory actions would deter a reasonable employee from engaging in protected activity under 42 U.S.C. § 1981.

95.     Defendant's unlawful actions were intentional, willful, malicious, and/or done with reckless disregard to Plaintiff's right to be free from retaliation.

96.     As a direct, legal and proximate result of this discrimination, Plaintiff has sustained economic and emotional injuries, resulting in damages in excess of $212,508.00.

Pursuant to section 794a(b), Plaintiff requests a reasonable award of attorneys' fees and costs, including expert fees.

///

///

///

///

///

**SEVENTH CLAIM FOR RELIEF**

**[CONSTRUCTIVE DISCHARGE IN VIOLATION OF 42 U.S.C. § 1981]**

**AGAINST ALL DEFENDANTS**

97.     Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 96, inclusive, as though set forth in full herein.

98.     Defendant, and his agents and employees, created discriminatory and intolerable working conditions for Plaintiff.

99.     A reasonable person in Plaintiff's position would have felt compelled to resign under these conditions.

100.    Plaintiff did in fact resign from his position because of these conditions.

101.    Defendant's unlawful actions were intentional, willful, malicious, and/or done with reckless disregard to Plaintiff's right to be free from discrimination based upon his race.

102.    As a direct, legal and proximate result of this discrimination, Plaintiff has sustained economic and emotional injuries, resulting in damages in excess of $212,508.00.

Pursuant to section 794a(b), Plaintiff requests a reasonable award of attorneys' fees and costs, including expert fees.

**EIGHTH CLAIM FOR RELIEF**

**[DISCRIMINATION BASED ON RACE IN VIOLATION OF TITLE VII OF THE CIVIL**

**RIGHTS ACT OF 1964, as amended, 42 U.S.C. § 2000e-2(a)]**

**AGAINST ALL DEFENDANTS**

103.    Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 102, inclusive, as though set forth in full herein.

104.    Title VII of the Civil Rights Act of 1964, as amended, makes it unlawful for an employer "(1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or (2) to limit, segregate, or

classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin."  42 U.S.C. § 2000e-2(a).

105.    Plaintiff is a "person within the jurisdiction of the United States" and is African American.

106.    As of January 1, 2021, there were 17 ATMs working in the Oakland District. The race classifications of the ATMs were 65% White and 23% African American.

107.    Plaintiff, as a form of accommodation, requested that he obtain Weather and Safety Leave, which had been made available to other employees in "mission critical" positions.  However, it was denied to Plaintiff.

108.    Plaintiff's race was the determining factor and/or motivating factor in Defendant's adverse employment action.

109.    Defendant's unlawful actions were intentional, willful, malicious, and/or done with reckless disregard to Plaintiff's right to be free from discrimination based on race.

110.    As a direct, legal and proximate result of this discrimination, Plaintiff has sustained economic and emotional injuries, resulting in damages in excess of $212,508.00.

111.    Pursuant to section 794a(b), Plaintiff requests a reasonable award of attorneys' fees and costs, including expert fees.

**NINTH CLAIM FOR RELIEF**

**[DISCRIMINATION IN VIOLATION OF THE CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT ("FEHA"), CALIFORNIA GOV'T CODE §§12940 ET SEQ.]**

**AGAINST ALL DEFENDANTS**

112.    Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 111, inclusive, as though set forth in full herein.

113.    At all times hereto, the FEHA was in full force and effect and was binding upon Defendants and each of them.

114.    As such term is used under FEHA, "on the bases enumerated in this part" means or refers to discrimination on the bases of one or more of the protected characteristics under FEHA.

115.    FEHA requires Defendants to refrain from discriminating against an employee on the basis of race, disability and/or medical condition, real or perceived, and to prevent discrimination and harassment on the basis of race, disability and/or medical condition, real or perceived, use of medical leave, and engagement in protected activities from occurring.

116.    Plaintiff was a member of multiple protected classes as a result of Plaintiff's race, disability, medical condition and/or the perception that Plaintiff was suffering from a disability and/or medical condition.

117.    At all times relevant hereto, Plaintiff was performing competently in the position Plaintiff held with Defendants.

118.    Plaintiff suffered the adverse employment actions of unlawful harassment, discrimination, failure to accommodate, failure to investigate, remedy, and/or prevent discrimination, and termination, and was harmed thereby.

119.    Plaintiff is informed and believes that Plaintiff's race, disability and/or medical condition, real and perceived, and/or some combination of these protected characteristics were motivating reasons and/or factors in the decisions to subject Plaintiff to the aforementioned adverse employment actions.

120.    Said conduct violates the FEHA, and such violations were a proximate cause in Plaintiff's damage as stated below.

121.    Defendant's unlawful actions were intentional, willful, malicious, and/or done with reckless disregard to Plaintiff's right to be free from discrimination based on race and disability.

122.    As a direct, legal and proximate result of this discrimination, Plaintiff has sustained economic and emotional injuries, resulting in damages in excess of $212,508.00.

123.    Pursuant to section 794a(b), Plaintiff requests a reasonable award of attorneys' fees and costs, including expert fees.

124.    Pursuant to Government Code §12965(b), Plaintiff requests a reasonable award of attorneys' fees and costs, including expert fees pursuant to the FEHA.

**TENTH CLAIM FOR RELIEF**

**[HARASSMENT IN VIOLATION OF THE CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT ("FEHA"), CALIFORNIA GOV'T CODE §§12940 ET SEQ.]**

**AGAINST ALL DEFENDANTS**

125.    Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 124, inclusive, as though set forth in full herein.

126.    At all times hereto, the FEHA was in full force and effect and was binding upon Defendants and each of them.

127.    As such term is used under FEHA, "on the bases enumerated in this part" means or refers to harassment on the bases of one or more of the protected characteristics under FEHA.

128.    These laws set forth in the preceding paragraph require Defendants to refrain from harassing, or creating, or maintaining a hostile work environment against an employee based upon the employee's race, disability and/or medical condition, real or perceived, use of medical leave, and engagement in protected activities, as set forth hereinabove.

129.    Defendants' harassing conduct was severe or pervasive, was unwelcome by Plaintiff, and a reasonable person in Plaintiff's circumstances would have considered the work environment to be hostile or abusive.

130.    Defendants violated the FEHA and the public policy of the State of California which is embodied in the FEHA by creating a hostile work environment and harassing Plaintiff because of Plaintiff's race, disability and/or medical condition, real or perceived, use of medical leave, engagement in protected activities, and/or some combination of these protected characteristics, as set forth hereinabove.

131.    The above said acts were perpetrated upon Plaintiff by a supervisor, and/or Defendants knew or should have known of the conduct but failed to take immediate and appropriate corrective action.

132.    The above said acts of Defendants constitute violations of the FEHA and violations of the public policy of the State of California.  Such violations were a proximate cause in Plaintiff's damage as stated below.

133.   Defendant's unlawful actions were intentional, willful, malicious, and/or done with reckless disregard to Plaintiff's right to be free from discrimination based on race and disability.

134.   As a direct, legal and proximate result of this harassment, Plaintiff has sustained economic and emotional injuries, resulting in damages in excess of $212,508.00.

135.   Pursuant to section 794a(b), Plaintiff requests a reasonable award of attorneys' fees and costs, including expert fees.

136.   Pursuant to Government Code §12965(b), Plaintiff requests a reasonable award of attorneys' fees and costs, including expert fees pursuant to the FEHA.

**ELEVENTH CLAIM FOR RELIEF**

**[RETALIATION IN VIOLATION OF THE CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT ("FEHA"), CALIFORNIA GOV'T CODE §§12940 ET SEQ.]**

**AGAINST ALL DEFENDANTS**

137.   Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 136, inclusive, as though set forth in full herein.

138.   At all times hereto, the FEHA was in full force and effect and was binding upon Defendants and each of them.

139.   These laws set forth in the preceding paragraph require Defendants to refrain from retaliating against an employee for engaging in protected activity.

140.   Plaintiff engaged in the protected activities of requesting accommodation, requesting medical leave and/or exercising Plaintiff's right to medical leave, and complaining about and protesting Defendants' discriminatory and harassing conduct towards Plaintiff based upon Plaintiff's race, disability, medical condition, real or perceived, and use of medical leave.

141.   Plaintiff suffered the adverse employment actions of unlawful harassment, discrimination, failure to accommodate, failure to investigate, remedy, and/or prevent discrimination, and termination, and was harmed thereby.

142.   Plaintiff is informed and believes that Plaintiff's conduct of requesting accommodation, requesting medical leave and/or exercising Plaintiff's right to medical leave,

complaining about and protesting about Defendants' discriminatory and harassing conduct, and/or some combination of these factors, were motivating reasons and/or factors in the decisions to subject Plaintiff to the aforementioned adverse employment actions.

143.    Defendants violated the FEHA by retaliating against Plaintiff and constructively terminating Plaintiff's employment for attempting to exercise Plaintiff's protected rights, as set forth hereinabove.

144.    Plaintiff is informed and believes, and based thereon alleges, that the above acts of retaliation committed by Defendants were done with the knowledge, consent, and/or ratification of, or at the direction of, each other Defendant and the other Managers.

145.    The above said acts of Defendants constitute violations of the FEHA and violations of the public policy of the State of California.  Such violations were a proximate cause in Plaintiff's damage as stated below.

146.    Defendant's unlawful actions were intentional, willful, malicious, and/or done with reckless disregard to Plaintiff's right to be free from discrimination based on race and disability.

147.    As a direct, legal and proximate result of this retaliation, Plaintiff has sustained economic and emotional injuries, resulting in damages in excess of $212,508.00.

148.    Pursuant to section 794a(b), Plaintiff requests a reasonable award of attorneys' fees and costs, including expert fees.

149.    Pursuant to Government Code §12965(b), Plaintiff requests a reasonable award of attorneys' fees and costs, including expert fees pursuant to the FEHA.

**TWELFTH CAUSE OF ACTION**

**[FAILURE TO PREVENT DISCRIMINATION, HARASSMENT, AND RETALIATION IN VIOLATION OF THE CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT ("FEHA"), CALIFORNIA GOV'T CODE §12940(k)]**

**AGAINST ALL DEFENDANTS**

150.    Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 149, inclusive, as though set forth in full herein.

151.   At all times hereto, the FEHA, including in particular Government Code §12940(k), was in full force and effect and was binding upon Defendants.  This subsection imposes a duty on Defendants to take all reasonable steps necessary to prevent discrimination, harassment, and retaliation from occurring.  As alleged above, Defendants violated this subsection and breached their duty by failing to take all reasonable steps necessary to prevent discrimination, harassment and retaliation from occurring.

152.   The above said acts of Defendants constitute violations of the FEHA and violations of the public policy of the State of California.  Such violations were a proximate cause in Plaintiff's damage as stated below.

153.   Defendant's unlawful actions were intentional, willful, malicious, and/or done with reckless disregard to Plaintiff's right to be free from discrimination based on race and disability.

154.   As a direct, legal and proximate result of this retaliation, Plaintiff has sustained economic and emotional injuries, resulting in damages in excess of $212,508.00.

155.   Pursuant to section 794a(b), Plaintiff requests a reasonable award of attorneys' fees and costs, including expert fees.

156.   Pursuant to Government Code §12965(b), Plaintiff requests a reasonable award of attorneys' fees and costs, including expert fees pursuant to the FEHA.

### THIRTEENTH CAUSE OF ACTION
### [FAILURE TO PROVIDE REASONABLE ACCOMMODATIONS
### IN VIOLATION OF THE CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT
### ("FEHA"), CALIFORNIA GOV'T CODE§§12940 ET SEQ.]
### AGAINST ALL DEFENDANTS

157.   Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 156, inclusive, as though set forth in full herein.

158.   At all times hereto, the FEHA, including in particular Government Code §12940(m), was in full force and effect and was binding upon Defendants.  This subsection imposes an ongoing

duty on Defendants to make reasonable accommodation for the known physical disability and/or medical condition of an employee.

159.   At all relevant times, Plaintiff was a member of a protected class within the meaning of, in particular, Government Code §§12940(a) because Plaintiff had a disability, a physical condition that affected Plaintiff's major life activities, and medical condition of which Defendants had both actual and constructive knowledge.

160.   At all times herein, Plaintiff was willing and able to perform the duties and functions of the position in which Plaintiff was employed, or could have performed the duties and functions of that position with reasonable accommodations.  At no time would the performance of the functions of the employment position, with a reasonable accommodation for Plaintiff's disability or medical condition, actual or as it was perceived by Defendants, have been a danger to Plaintiff's or any other person's health or safety.  Accommodation of Plaintiff's disability or disability or medical condition, real or perceived by Defendants, would not have imposed an undue hardship on Defendants. Defendants failed and refused to accommodate Plaintiff's disability, failed to engage in the interactive process with Plaintiff and continued to violate this obligation, up to and including the date of Plaintiff's constructive termination.

161.   The above said acts of Defendants constitute violations of the FEHA and violations of the public policy of the State of California.  Such violations were a proximate cause in Plaintiff's damage as stated below.

162.   Defendant's unlawful actions were intentional, willful, malicious, and/or done with reckless disregard to Plaintiff's right to be free from discrimination based on race and disability.

163.   As a direct, legal and proximate result of this retaliation, Plaintiff has sustained economic and emotional injuries, resulting in damages in excess of $212,508.00.

164.   Pursuant to section 794a(b), Plaintiff requests a reasonable award of attorneys' fees and costs, including expert fees.

165.   Pursuant to Government Code §12965(b), Plaintiff requests a reasonable award of attorneys' fees and costs, including expert fees pursuant to the FEHA.

**FOURTEENTH CAUSE OF ACTION**

**[FAILURE TO ENGAGE IN A GOOD FAITH INTERACTIVE PROCESS**

**IN VIOLATION OF THE CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT**

**("FEHA"), CALIFORNIA GOV'T CODE §§12940 ET SEQ.]**

**AGAINST ALL DEFENDANTS**

166.   Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 165, inclusive, as though set forth in full herein.

167.   At all times hereto, the FEHA, including in particular Government Code §12940(n), was in full force and effect and was binding upon Defendants.  This subsection imposes an ongoing duty on Defendants to engage in a timely, good faith, interactive process with the employee to determine effective reasonable accommodations, if any, in response to a request for reasonable accommodation by an employee with a known physical disability or known medical condition and/or becoming aware of the employee's need for accommodation.

168.   At all relevant times, Plaintiff was a member of a protected class within the meaning of, in particular, Government Code §§12940(a) because Plaintiff had a physical disability that affected Plaintiff's major life activities, and medical condition of which Defendants had both actual and constructive knowledge.

169.   Plaintiff reported the disability to Defendants and requested accommodation, triggering Defendants' obligation to engage in the interactive process with Plaintiff, but at all times herein, Defendants genuinely failed and refused to do so.  Thereafter, despite Defendant's continuing obligation to engage in the interactive process with Plaintiff, despite Plaintiff's submission of a doctors' notes identifying Plaintiff's condition and Plaintiff's desire to continue working in some capacity, Defendant failed and refused to have any genuine dialogue with Plaintiff whatsoever, on any of these occasions, and Defendant violated, and continued to violate this obligation up to and including the date of Plaintiff's constructive termination.

170.   The above said acts of Defendants constitute violations of the FEHA and violations of the public policy of the State of California.  Such violations were a proximate cause in Plaintiff's damage as stated below.

COMPLAINT FOR DAMAGES

171.    Defendant's unlawful actions were intentional, willful, malicious, and/or done with reckless disregard to Plaintiff's right to be free from discrimination based on race and disability.

172.    As a direct, legal and proximate result of this retaliation, Plaintiff has sustained economic and emotional injuries, resulting in damages in excess of $212,508.00.

173.    Pursuant to section 794a(b), Plaintiff requests a reasonable award of attorneys' fees and costs, including expert fees.

174.    Pursuant to Government Code §12965(b), Plaintiff requests a reasonable award of attorneys' fees and costs, including expert fees pursuant to the FEHA.

## FIFTEENTH CAUSE OF ACTION
## [RETALIATION IN VIOLATION OF CALIFORNIA LABOR CODE § 1102.5]
## AGAINST ALL DEFENDANTS

175.    Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 174, inclusive, as though set forth in full herein.

176.    California Labor Code § 1102.5 prohibits employers, inter alia, from retaliating against an employee because the employer believes that the employee may disclose information to a government agency with authority to investigate where the employee has a reasonable belief that the information discloses a violation of a state or federal statute.  Cal. Lab. Code § 1102.5(b).

177.    Plaintiff is informed and believes and thereon alleges that because of Plaintiff's internal complaints about Defendant's policy against Plaintiff, Defendant retaliatorily constructively discharged Plaintiff in the belief that he would disclose information concerning the policies against him to a government agency with authority to investigate.

178.    As a direct, legal and proximate result of this retaliation, Plaintiff has sustained economic and emotional injuries, resulting in damages in excess of $212,508.00.

179.    Pursuant to section 794a(b), Plaintiff requests a reasonable award of attorneys' fees and costs, including expert fees.

## DECLARATORY RELIEF ALLEGATIONS

180.    A present and actual controversy exists between Plaintiff and Defendant concerning their rights and respective duties.  Plaintiff contends that Defendant violated his rights under The Rehabilitation Act of 1973, Title VII, 42 U.S.C. § 1981, the FEHA, and the California Labor Code. Plaintiff is informed and believes and thereon alleges that the Defendant denies these allegations. Declaratory relief is therefore necessary and appropriate.

181.    Plaintiff seeks a judicial declaration of the respective rights and duties of the parties.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff seeks judgment against Defendants and each of them, in an amount according to proof but estimated to be no less than $212,508.00 as follows:

1.    For a money judgment representing compensatory damages including lost wages, earnings, commissions, retirement benefits, and other employee benefits, and all other sums of money, together with interest on these amounts; for other special damages; and for general damages for mental pain and anguish and emotional distress and loss of earning capacity;

2.    For civil penalties pursuant to California Labor Code § 1102.5 in the amount of no less than $10,000.00;

3.    For prejudgment interest on each of the foregoing at the legal rate from the date the obligation became due through the date of judgment in this matter;

**WHEREFORE**, Plaintiff further seeks judgment against Defendants, and each of them, in an amount according to proof, as follows:

4.    For a declaratory judgment reaffirming Plaintiff's equal standing under the law and condemning Defendants' discriminatory practices;

5.    For injunctive relief barring Defendants' discriminatory employment policies and practices in the future, and restoring Plaintiff to Plaintiff's former position with Defendant;

6.    For costs of suit, attorneys' fees, and expert witness fees pursuant to 42 U.S.C. § 2000e-5(k), 42 U.S.C. § 1988, the FEHA, Labor Code, Cal. Code of Civ. Proc. § 1021.5, and/or any other basis;

7.    For post-judgment interest; and

8.      For any other relief that is just and proper.

DATED:  January 26, 2022

**DURON EMPLOYMENT LAW FIRM**
**A PROFESSIONAL LAW CORPORATION**


By:      /S/
Stephen J. Duron, Esq.
Attorney for Plaintiff
TIMOTHY B. JOHNSON


## DEMAND FOR JURY TRIAL

Plaintiff demands trial of all issues by jury.

DATED:  January 26, 2022

**DURON EMPLOYMENT LAW FIRM**
**A PROFESSIONAL LAW CORPORATION**


By:      /S/
Stephen J. Duron, Esq.
Attorney for Plaintiff
TIMOTHY B. JOHNSON

COMPLAINT FOR DAMAGES